STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, SS.                         UNIFIED CRIMINAL DOCKET
                                        DOCKET NO. PORSC-CR-09-8567

STATE OF MAINE,                 )
                                )
                                )
                                )
         v.                     )       ORDER ON MOTION TO SUPPRESS
                                )
                                )
KEVIN STUCKEY,                  )
              Defendant.        )

BACKGROUND

The motion in this case asks the court to decide whether a traffic stop for seatbelt violations but made for the ulterior motive of searching defendant's vehicle for drugs circumvents constitutional search and seizure requirements. This matter came before the Court for hearing on April 6, 2009 on defendant's motion to suppress. Defendant was present and represented by counsel, Peter Cyr, Esquire. Leanne Sutton, AAG, represented the state. Defendant contends that the State lacked reasonable, articulable suspicion to stop his motor vehicle and this stop was based on a mere pretext. Defendant has been charged with Trafficking in Schedule W Drugs (Class B), 17-A M.R.S.A. § 1103(1-A)(3), Possession of Schedule W Cocaine in the Form of Cocaine Base (Class B), 17-A M.R.S.A. § 1107A(1)(A)(2), Trafficking in Schedule W Drug – Heroin (Class B), 17-A M.R.S.A. § 1103(1-A)(A), and Possession of Schedule W Drugs (Class D), 17-A M.R.S.A. § 1107A(1)(C).

The salient facts relevant to the Motion to Suppress are as follows. At approximately 7:30 p.m. on October 30, 2009, MDEA Agents Philip Robinson and Scott

Durst were in plain clothes in an unmarked cruiser traveling east bound on Congress Street near the 7-11 Store when they observed a bluish green Toyota Corolla in front of them. The agents were not conducting traffic patrol but were investigating drug trafficking. They had heard information that a man in a blue Toyota was selling drugs. When they came upon the blue Toyota directly in front of them, the agents wanted to know the identity of the people in the vehicle. The agents observed that there were two black males in the front seat of the Toyota. They had a "hunch" there were drugs in the Toyota and they wanted a drug dog to see if the dog would indicate on the vehicle. However, the agents did not have articulable suspicion to stop and search the vehicle. They needed another reason to stop the Toyota.

The agents decided to follow the car that turned right onto State Street towards the Casco Bay Bridge. The agents testified that just before the vehicle turned onto State Street, they observed that neither occupant in the Toyota was wearing a seatbelt. According to the agents, they could see the seatbelts hanging from the frame of the vehicle and that the seatbelts were not over the occupants' shoulders. The agents believed that this traffic violation gave them reason to stop the Toyota. Both agents testified that they were more than 100% confident that the driver and passenger were not wearing seatbelts.

Because the agents were in plain clothes and an unmarked vehicle, they decided to ask South Portland Police to assist them in a stop when they got on the other side of the Casco Bay Bridge. The agents also knew that a drug dog would be available. They called South Portland Police Dispatch and asked for an officer to make a traffic stop. The reason for the stop given to Dispatch was that the driver and passenger were not wearing

seatbelts. The agents gave a description of the vehicle as a Blue Toyota with a Maine registration. Officer Pooler of the South Portland Police Department was sitting at the traffic light near Broadway Street on the other side of the bridge. Officer Pooler observed the Toyota jump from the center lane to the far right lane and turn right onto Broadway. Pooler activated his blue lights to turn west, turned his police vehicle around and pulled in between the Toyota and an unknown vehicle. Pooler waived off the unknown vehicle, exited his vehicle, approached the driver in the Toyota and asked for license, registration and proof of insurance. Pooler did not make any observations about the Toyota and its occupants before he stopped the Toyota because he was relying on the MDEA agents' observations for the stop. He could not see whether the occupants were black or white or whether they were wearing a seatbelt because it was dark out, even though he was focused on the driver and the passenger. When Pooler approached the Toyota, he observed that the driver was wearing a seatbelt but the passenger was not. According to the Pooler, the driver of the vehicle may have said that the passenger had just taken his seatbelt off. Pooler did not see any activity of either passenger taking off or putting on a seatbelt and he testified that he would have noticed such activity because of his caution around officer safety when making a traffic stop.

The agents pulled in behind Pooler's police vehicle. As Pooler approached the driver, Agent Durst also approached the vehicle, keeping an eye on the passenger the whole time. Durst testified that he did not see a seatbelt on either occupant, nor did he see either occupant put on or take off a seatbelt. After obtaining the identification information from the driver, Pooler went back to the agents to ask then how they wanted him to proceed.

3

## DISCUSSION

Defendant contends that it is not believable that the agents were able to tell that there were two black males in the Toyota and that they were not wearing seatbelts. He argues that the stop was nothing more than a pretext for a drug search. He argues that the officers should be held to a higher standard when there is a pretext for the stop. He argues that higher standard is that the reasonableness must be real, not a mistake of fact, which he argues was the case here.

The Maine Law Court has addressed pretext stops:

> The Fourth Amendment mandates that an officer have a reasonable articulable suspicion that a traffic offense is occurring before making a stop. A mere hunch will not justify a stop, and the officer's reasons for stopping the vehicle must not be a mere pretext or ruse. A pretextual stop occurs when an officer uses a legal justification to stop a vehicle to search for evidence of an unrelated serious crime for which he did not have the reasonable articulable suspicion necessary to support a stop. The test is not whether the officer lawfully could have stopped defendant, but whether a reasonable officer would have made the stop absent the invalid purpose. This test recognizes that it is the departure from routine practice that makes the officer's conduct arbitrary, and it is the arbitrariness which violates the Fourth Amendment.

*State v. Haskell*, 645 A. 2d 619, 621 (Me. 1994)(citations omitted).

Thus, there must be a legal justification to make the stop in the first place. Here, the court questions whether the agents had the reasonable suspicion necessary to support a stop in the first place. The court looks to the agents' justification because the South Portland officer relied on the agents' observations in making his stop of defendant's vehicle. Officer Pooler testified that he did not observe the seatbelt infraction or the race of the occupants before he stopped the vehicle, and when he stopped the vehicle he observed that the driver was wearing a seatbelt. Curiously, Agent Durst says the driver was not wearing a seatbelt at the time of the stop. The court further doubts the

4

justification offered for the stop because of Officer Pooler's demeanor when he testified about what he did not observe. Officer Pooler appeared to be ill-at-ease as he testified. The court assumes that his demeanor was because he knew that his testimony did not support that of the agents.

Even if the agents had legal justification to make the stop[1], the court nevertheless grants the motion to suppress because of a statutory provision in 29-A M.R.S.A. § 2081(3-A), which provides:

> A vehicle, the contents of a vehicle, the driver of or a passenger in a vehicle
> may not be inspected or searched solely because of a violation of this subsection.

This subsection is the section of the statute that requires a passenger 18 years or older be properly secured in a seat belt. Because this subsection provides that a vehicle or person may not be searched *solely* because of a violation of the seatbelt requirement, the agents cannot rely on the seatbelt violation to stop a driver in order to investigate a hunch that the driver is engaged in illegal drug activity. To allow otherwise would circumvent the proscription against unreasonable search and seizure of the Fourth Amendment of the United States Constitution. The agents' stop of the driver amounts to a mere pretext. The agents could not use the seat belt law to justify stopping the passenger and they could not justify their investigatory stop by a mere hunch. "[T]he officer's reason for stopping a vehicle must not be a mere pretext or ruse, or otherwise constitute a form of subterfuge." *State v. Izzo*, 623 A. 2d 1277, 1280 (Me. 1993). Accordingly, the motion to suppress is granted.

It is hereby ORDERED:

Defendant's Motion to Suppress is hereby GRANTED.

---

[1] There was no testimony whether a reasonable officer would have stopped a vehicle solely for a seatbelt violation.

5

Dated: June 11, 2010

Joyce A. Wheeler, Justice

STATE OF MAINE
  vs
KEVIN   STUCKEY                                    Docket No  CUMCD-CR-2009-08567
526 RIVERDALE AVENUE
BROOKLYN NY 11207                                       **DOCKET RECORD**

DOB: 02/20/1984
Attorney: PETER CYR                     State's Attorney: STEPHANIE ANDERSON
          LAW OFFICE OF PETER J CYR
          85 BRACKETT STREET
          PORTLAND ME 04102
          APPOINTED 12/03/2009

Filing Document: CRIMINAL COMPLAINT            Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 11/02/2009

## Charge(s)

1   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS     10/30/2009 SOUTH PORTLAND
Seq 8541   17-A  1103(1-A)(A)          Class B


2   UNLAWFUL POSSESSION OF SCHEDULED DRUG       10/30/2009 SOUTH PORTLAND
Seq 8566   17-A  1107-A(1)(A)(2)       Class B


3   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS     10/30/2009 SOUTH PORTLAND
Seq 8541   17-A  1103(1-A)(A)          Class B


4   UNLAWFUL POSSESSION OF SCHEDULED DRUG       10/30/2009 SOUTH PORTLAND
Seq 8571   17-A  1107-A(1)(C)          Class D


5   UNLAWFUL POSSESSION OF SCHEDULED DRUG       10/30/2009 SOUTH PORTLAND
Seq 8568   17-A  1107-A(1)(B)(1)       Class C  Charged with INFORMATION on Supple


## Docket Events:

11/02/2009 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 11/02/2009

11/03/2009 Charge(s): 1,2,3,4
           HEARING -  INITIAL APPEARANCE HELD ON 11/02/2009
           MARYGAY  KENNEDY , JUDGE
           TAPE NUMBER: 3508
11/03/2009 Charge(s): 1,2,3,4
           PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 11/02/2009

11/03/2009 BAIL BOND - $10,000.00 SURETY BAIL BOND SET BY COURT ON 11/02/2009
           MARYGAY  KENNEDY , JUDGE
           10000.00 SURETY BAIL W/ CONDITIONS OR 5000.00 CASH BAIL W/ CONDITIONS.
11/03/2009 BAIL BOND - $10,000.00 SURETY BAIL BOND COND RELEASE ISSUED ON 11/02/2009
           MARYGAY  KENNEDY , JUDGE
           10,000.00 SURETY BAIL W/ CONDITIONS OR 5,000.00 CASH BAIL W/ CONDITIONS.

11/03/2009 Charge(s): 1,2,3,4
        MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 11/02/2009


11/03/2009 Charge(s): 1,2,3,4
        MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 11/02/2009
        MARYGAY KENNEDY , JUDGE
        Attorney: RANDALL BATES
        COPY TO PARTIES/COUNSEL
11/03/2009 Party(s): KEVIN STUCKEY
        ATTORNEY - APPOINTED ORDERED ON 11/02/2009


        Attorney: RANDALL BATES
11/03/2009 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 01/20/2010 @ 8:30 in Room No. 7

11/03/2009 Charge(s): 1,2,3,4
        TRIAL - JURY TRIAL SCHEDULED FOR 02/22/2010 @ 8:30 in Room No. 11

        NOTICE TO PARTIES/COUNSEL
11/25/2009 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 11/25/2009


11/25/2009 HEARING - MOTION TO AMEND BAIL SCHEDULED FOR 12/01/2009 @ 1:00 in Room No. 8

        NOTICE TO PARTIES/COUNSEL
11/25/2009 HEARING - MOTION TO AMEND BAIL NOTICE SENT ON 11/25/2009

11/25/2009 Charge(s): 1,2,3,4,5
        SUPPLEMENTAL FILING - INFORMATION FILED ON 11/25/2009
        JAMES TURCOTTE , ASSISTANT CLERK
12/04/2009 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 12/02/2009


        Attorney: RANDALL BATES
12/04/2009 Party(s): KEVIN STUCKEY
        ATTORNEY - APPOINTED ORDERED ON 12/03/2009


        Attorney: PETER CYR
12/09/2009 HEARING - MOTION TO AMEND BAIL NOT HELD ON 12/01/2009

        MOTION WITHDRAWN
12/09/2009 MOTION - MOTION TO AMEND BAIL WITHDRAWN ON 12/01/2009

12/09/2009 Charge(s): 1,2,3,4,5
        MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 12/02/2009

12/10/2009 Charge(s): 1,2,3,4,5
        MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 12/10/2009
        ROLAND A COLE , JUSTICE
        COPY TO PARTIES/COUNSEL
12/10/2009 Party(s): KEVIN STUCKEY
        ATTORNEY - WITHDRAWN ORDERED ON 12/10/2009


        Attorney: RANDALL BATES
12/28/2009 OTHER FILING - $405.00 COUNSEL VOUCHER APPROVED ON 12/28/2009
        PENNY WHITNEY , CLERK, UNIFIED CRIMINAL DIVISION

        Printed on: 06/14/2010

Attorney: RANDALL BATES
8.1

01/04/2010 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 01/04/2010

01/08/2010 Charge(s): 1,2,3,4,5
SUPPLEMENTAL FILING - INDICTMENT FILED ON 01/08/2010
JAMES TURCOTTE , ASSISTANT CLERK
01/08/2010 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT SCHEDULED FOR 01/20/2010 @ 8:30 in Room No. 7

01/08/2010 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT NOTICE SENT ON 01/08/2010
JAMES TURCOTTE , ASSISTANT CLERK
01/21/2010 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT HELD ON 01/20/2010
JOYCE A WHEELER , JUSTICE
DEFENDANT INFORMED OF CHARGES. 21 DAYS TO FILE MOTIONS                    TAPE: 3614
01/21/2010 Charge(s): 1,2,3,4,5
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 01/20/2010

01/21/2010 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 03/03/2010 @ 8:30 in Room No. 7

01/21/2010 TRIAL - JURY TRIAL SCHEDULED FOR 04/12/2010 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
01/21/2010 TRIAL - JURY TRIAL NOTICE SENT ON 01/21/2010

01/21/2010 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 02/04/2010

01/22/2010 HEARING - DISPOSITIONAL CONFERENCE CONTINUED ON 01/20/2010
JOYCE A WHEELER , JUSTICE
01/22/2010 Charge(s): 1,2,3,4
TRIAL - JURY TRIAL CONTINUED ON 01/20/2010
JOYCE A WHEELER , JUSTICE
01/22/2010 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 12/10/2009
ROLAND A COLE , JUSTICE
COPY TO PARTIES/COUNSEL
03/04/2010 HEARING - DISPOSITIONAL CONFERENCE NOT HELD ON 03/03/2010

03/04/2010 TRIAL - JURY TRIAL SCHEDULED FOR 04/12/2010 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
03/04/2010 BAIL BOND - $5,000.00 CASH BAIL BOND FILED ON 11/25/2009

Bail Receipt Type: CR
Bail Amt: $5,000
                                        Receipt Type: CK
Date Bailed: 11/24/2009      Prvdr Name: KATRINA L BRACEY
                             Rtrn Name: KATRINA L BRACEY
#636                                             ASSIGNMENT OF CASH BAIL ASSIGNED TO PETER
J. CYR, ESQ.
BAIL BOND - CASH BAIL BOND ASSIGNMENT FILED ON 02/08/2010

Date Bailed: 11/24/2009
#636                                              ASSIGNMENT OF CASH BAIL ASSIGNED TO PETER
J. CYR, ESQ.
03/04/2010 Charge(s): 1,2,3,4,5
           HEARING - RULE 11 HEARING NOT HELD ON 03/03/2010


           DEF. CHANGED MIND.
03/04/2010 TRIAL - JURY TRIAL NOTICE SENT ON 03/04/2010


03/04/2010 MOTION - MOTION TO CONTINUE FILED BY STATE ON 03/04/2010


           DA: LEA-ANNE SUTTON
           JH
03/05/2010 MOTION - MOTION TO CONTINUE GRANTED ON 03/04/2010
           THOMAS D WARREN , JUSTICE
           COPY TO PARTIES/COUNSEL                                        JH
03/05/2010 TRIAL - JURY TRIAL CONTINUED ON 03/04/2010


03/09/2010 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 03/08/2010


           Attorney: PETER CYR
03/09/2010 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 03/08/2010


           Attorney: PETER CYR
03/09/2010 MOTION - OTHER MOTION FILED BY DEFENDANT ON 03/08/2010


           Attorney: PETER CYR
           MOTION TO SUPPRESS STOP.
03/09/2010 HEARING - OTHER MOTION SCHEDULED FOR 04/06/2010 @ 1:00 in Room No. 8


           MOTOIN TO SUPRESS STOP.
03/09/2010 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 04/06/2010 @ 1:00 in Room No. 8


           NOTICE TO PARTIES/COUNSEL
03/09/2010 HEARING - MOTION TO SUPPRESS STATEMENT NOTICE SENT ON 03/09/2010


03/09/2010 HEARING - OTHER MOTION NOTICE SENT ON 03/09/2010


           MOTOIN TO SUPRESS STOP.
03/09/2010 Charge(s): 1,2,3,4,5
           TRIAL - JURY TRIAL SCHEDULED FOR 04/26/2010 @ 8:30 in Room No. 11


           NOTICE TO PARTIES/COUNSEL
03/09/2010 Charge(s): 1,2,3,4,5
           TRIAL - JURY TRIAL NOTICE SENT ON 03/09/2010


           JH
04/06/2010 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 04/06/2010
           JOYCE A WHEELER , JUSTICE
           Attorney: PETER CYR
           DA: LEA-ANNE SUTTON
04/06/2010 HEARING - OTHER MOTION HELD ON 04/06/2010
           JOYCE A WHEELER , JUSTICE

                Attorney:  PETER CYR
                DA:  LEA-ANNE SUTTON
                MOTOIN TO SUPRESS STOP.
04/06/2010 MOTION -  MOTION TO SUPPRESS STATEMENT WITHDRAWN ON 04/06/2010


                Attorney:  PETER CYR
04/06/2010 CASE STATUS -  DECISION UNDER ADVISEMENT ON 04/06/2010


                W/ JUSTICE WHEELER.
04/15/2010 MOTION -  MOTION TO REVOKE BAIL FILED BY STATE ON 04/14/2010


                DA:  LEA-ANNE SUTTON
04/16/2010 MOTION -  MOTION TO REVOKE BAIL GRANTED ON 04/15/2010
                JOYCE A WHEELER , JUSTICE
                COPY TO PARTIES/COUNSEL
04/16/2010 BAIL BOND -  NO BAIL ALLOWED SET BY COURT ON 04/15/2010
                JOYCE A WHEELER , JUSTICE .
04/16/2010 WARRANT -  VIOLATION OF BAIL ISSUED ON 04/15/2010


04/16/2010 Charge(s): 1,2,3,4,5
                TRIAL -  JURY TRIAL NOT HELD ON 04/16/2010


04/26/2010 WARRANT -  VIOLATION OF BAIL EXECUTED ON 04/26/2010


04/26/2010 BAIL BOND - $15,000.00 SURETY BAIL BOND SET BY COURT ON 04/26/2010
                ROLAND A COLE , JUSTICE
                OR 7500.00
04/26/2010 BAIL BOND - $15,000.00 SURETY BAIL BOND COND RELEASE ISSUED ON 04/26/2010
                ROLAND A COLE , JUSTICE
                OR 7500.00 CASH
04/26/2010 TRIAL -  JURY TRIAL SCHEDULED FOR 05/24/2010 @ 8:30 in Room No.   11


                NOTICE TO PARTIES/COUNSEL
04/26/2010 TRIAL -  JURY TRIAL NOTICE SENT ON 04/26/2010


04/26/2010 MOTION -  MOTION TO AMEND BAIL MADE ORALLY BY DEF ON 04/26/2010


                Attorney:  PETER CYR
04/26/2010 MOTION -  MOTION TO AMEND BAIL GRANTED ON 04/26/2010
                ROLAND  BEAUDOIN , JUDGE
                COPY TO PARTIES/COUNSEL
05/24/2010 TRIAL -  JURY TRIAL CONTINUED ON 05/24/2010
                ROLAND A COLE , JUSTICE
                Attorney:  PETER CYR
                DA: LEA-ANNE SUTTON          Reporter: DIANE MCMANUS
                Defendant Not Present in Court


                CASE CINTINUD UNTIL MOTION TO SUPPRESS DECIDED.                    JH
05/28/2010 Charge(s): 1,2,3,4,5
                HEARING -  RULE 11 HEARING SCHEDULED FOR 06/14/2010 @ 8:30 in Room No.  1


                NOTICE TO PARTIES/COUNSEL
05/28/2010 Charge(s): 1,2,3,4,5

HEARING -  RULE 11 HEARING NOTICE SENT ON 05/28/2010

05/28/2010 NOTE -  OTHER CASE NOTE ENTERED ON 05/28/2010

PER ATTY CYR THERE IS AN AGREEMENT WITH AAG SUTTON, EVEN THOUGH MOTION TO  SUPPRESS IS STILL UNDER ADVISEMENT

06/14/2010 MOTION -  OTHER MOTION GRANTED ON 06/11/2010
JOYCE A WHEELER , JUSTICE
MOTION TO SUPPRESS STOP.

06/14/2010 Charge(s): 1,2,3,4,5
HEARING -  RULE 11 HEARING NOT HELD ON 06/14/2010

CASE CONT FOR

JURY SELECTION

06/14/2010 BAIL BOND -  PR BAIL BOND SET BY COURT ON 06/14/2010
ROLAND A COLE , JUSTICE
PR BAIL

06/14/2010 Charge(s): 1,2,3,4,5
TRIAL -  JURY TRIAL SCHEDULED FOR 06/28/2010 @ 8:30 in Room No.  11

NOTICE TO PARTIES/COUNSEL

06/14/2010 Charge(s): 1,2,3,4,5
ORDER -  COURT ORDER FILED ON 06/11/2010
JOYCE A WHEELER , JUSTICE
MOTION TO SUPPRESS IS GRANTED

A True Copy
Attest: Sally A Bangut
Clerk of Courts

A TRUE COPY
ATTEST: _____
Clerk